VITO ORLANDO, RESPONDENT, v. F. FERGUSON & SON,
A CORPORATION, APPELLANT.

Submitted March 25, 1917—Decided October 12, 1917.

1. Under section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134, as amended by *Pamph. L.* 1913, *p.* 302), in the case of a partial but permanent loss of the usefulness of both hands, or both arms, or both feet, or both legs, or both eyes, or any two thereof, compensation shall bear such relation to the compensation therein provided for total and permanent disability as the partial but permanent disabilities collectively bear to total and permanent disability.

2. In a case under section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134, as amended by *Pamph. L.* 1913, *p.* 302), when the trial judge finds that there was a fifty per cent. loss of the usefulness of each hand, and a ten per cent. loss of the usefulness of one eye, he should then find what percentage of total and permanent disability the combination of fifty per cent. loss of the usefulness of two hands and ten per cent. of one eye make, and should then award as compensation that percentage of four hundred weeks. It is not strictly a mathematical problem. It is not to be solved by adding up the fractional parts, but upon the basis of the percentage of total and permanent disability reasonably found to be produced by the several injuries considered collectively and with due regard to their cumulative effect.

On appeal from the Supreme Court.

For the appellant, *Pierson & Schroeder.*

For the respondent, *LaPorta & Stiles.*

The opinion of the court was delivered by

TRENCHARD, J. This is a proceeding under section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134, as amended by *Pamph. L.* 1913, *p.* 302) brought before a judge of the Hudson County Common Pleas Court to recover compensation for the petitioner's injuries.

The learned trial judge rendered judgment for the petitioner, and that judgment was affirmed by the Supreme Court.

We are of the opinion that the judgment of the Supreme Court now here for review must be reversed.

We think that sufficient facts were found by the trial court to warrant a judgment for the petitioner, and that there was evidence to support such finding. But we cannot agree that the method used in fixing the amount of compensation awarded was proper.

The petitioner was employed in attending a furnace. A flame shot out severely burning him. The trial judge found that there was a fifty per cent. loss of the usefulness of each hand, and a ten per cent. loss of the usefulness of one eye. He considered the two hands together as fifty per cent. of total and permanent disability and allowed therefor two hundred weeks (fifty per cent. of the four hundred weeks allowed by the statute for total and permanent disability), and allowed additional compensation of ten per cent. of one hundred weeks for the injury to the eye, making a total of two hundred and ten weeks.

We think that such method of fixing compensation was wrong.

Paragraph 11 of section 2 of the Workmen's Compensation act (*Pamph. L.* 1913, *p.* 302) divides injuries into three classes—those producing (*a*) temporary disability; (*b*) total and permanent disability, and (*c*) partial but permanent disability. Subject to certain limitations and provisos not affecting this case, it enacts a schedule of compensation for each class of injuries as follows:

(*a*) Temporary disability, fifty per cent. of wages during disability not beyond three hundred weeks.

(*b*) Total and permanent disability, fifty per cent. of wages not beyond four hundred weeks.

(*c*) Partial but permanent disability, according to a schedule set forth, based upon the extent of the disability, in which are included these—for loss of a hand, fifty per cent. of wages during one hundred and fifty weeks; for loss of an eye, fifty per cent. of wages during one hundred weeks.

The paragraph then continues:

"The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, shall constitute total and permanent disability, to be compensated according to the provisions of clause (*b*)."

It then adds:

"In all other cases in this class, or where the usefulness of a member, or any physical function, is permanently impaired, the compensation shall bear such relation to the amounts stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule."

Now, the trial judge avowedly undertook to apply the principle underlying the case of *Vishney* v. *Empire Steel and Iron Co.*, 87 *N. J. L.* 481. The Supreme Court considered that he did apply it. We think he did not.

In the Vishney case there was an eighty per cent. loss of the usefulness of both eyes. The trial judge there held that compensation for injury to each eye should be considered separately under clause (*c*) and calculated the number of weeks for which compensation should be made on the basis of an eighty per cent. injury to each eye, which would make eighty weeks (eighty per cent. of one hundred weeks) for each eye, or a total of one hundred and sixty weeks for both. That award the Supreme Court reversed, saying: "It appearing that there was a loss of the usefulness of both eyes to the extent of eighty per cent., the prosecutor was entitled to compensation for three hundred and twenty weeks."

That case, therefore, furnishes no support for the action of the trial judge, in the present case, in adding ten per cent. of one hundred weeks for the injury to the eye after having allowed fifty per cent. of four hundred weeks for total and permanent disability on account of the fifty per cent. loss of the usefulness of both hands. It must be obvious that if such a case of partial but permanent disability of three members is to be apportioned on the basis of total and permanent disability, it must be in the proportion that all of the injuries bear to total and permanent disability, and not partly on the ratio that two of them bear to total and permanent disability and partly on the compensation provided for injury to the

third member only.   It must be equally manifest that compensation for total and permanent disability cannot exceed four hundred weeks; and if there is a partial but permanent disability the compensation cannot exceed a certain definite portion of four hundred weeks.   The method adopted by the trial judge gave a portion of four hundred weeks and a portion of an additional one hundred weeks, making a portion of a total of five hundred weeks.   That this method is erroneous is also seen by supposing, for convenience, the injury to the eye to have been a fifty per cent. one.   There is no legal relation that would cause the two hands to be considered together rather than one hand and one eye.   There is a physical relation between the two, but not a legal one, as the statute considers any two indiscriminately.   If the court had combined the one eye and one hand as a fifty per cent. of the total, giving two hundred weeks, and taken the other hand separately, it would have resulted in a total of two hundred and seventy-five weeks.   Whereas, if the two hands had been combined, resulting in two hundred weeks and fifty weeks added for half of the loss of the eye, the total would have been two hundred and fifty weeks.   We consider either one of these methods as legally justifiable as the other.   Of course, neither is right.

We do not, however, approve of the method of award advocated by the appellant, namely, that compensation should be calculated by taking each injured function separately and adding up the items of partials.   This was the method condemned in *Vishney* v. *Empire Steel and Iron Co., supra.*   The appellant contends that the Vishney case was wrongly decided, the argument being that "this class" (page 304 of act of 1913) means partial in character and permanent in quality (clause *c*) and excludes any consideration of the allowance for total and permanent disability as a standard, and hence, that if there is any percentage of total and permanent disability less than one hundred, it must be reckoned by adding up the items of partials.   But we think not.

We consider that the Vishney case, so far as its underlying principle above stated is concerned, was rightly decided.   We

consider that the facts in that case and in this bring both within the "other cases in this class or where the usefulness of a member or any physical function is permanently impaired," and hence "compensation shall bear such relation to the amounts stated in the above schedule (*i. e.,* for both hands, or both eyes, or any two of them, four hundred weeks) as the disabilities bear to those produced by the injuries named in the schedule." That compensation should not be awarded by adding up the items of partials taken separately will be seen by supposing the case of an eighty per cent. injury of both hands and both feet. By that method we would get eighty per cent. of one hundred and fifty weeks for the first hand, *i. e.,* one hundred and twenty weeks; one hundred and twenty weeks for the second hand; eighty per cent. of one hundred and twenty-five weeks (being number of weeks allowed in schedule for one foot), *i. e.,* one hundred weeks for the first foot and one hundred weeks for the second foot, making a total of four hundred and forty weeks, or forty weeks more than the number of weeks allowed for total and permanent disability.

We think the true rule is, that in the case of a partial but permanent loss of the usefulness of both hands, or both arms, or both feet, or both legs, or both eyes, or any two thereof, compensation shall bear such relation to compensation for total and permanent disability as the partial but permanent disabilities collectively bear to total and permanent disability.

It follows, therefore, that when the trial judge found that there was a fifty per cent. loss of the usefulness of each hand, and a ten per cent. loss of the usefulness of one eye, he should then have found what percentage of total and permanent disability the combination of fifty per cent. loss of the usefulness of two hands and ten per cent. of one eye made, and should have awarded that percentage of four hundred weeks. It is not strictly a mathematical problem. It is not to be solved by adding up the fractional parts, but upon the basis of the percentage of total and permanent disability reasonably found

to be produced by the several injuries considered collectively and with due regard to their cumulative effect.

In this particular case it may be that the *result* was approximately right, though the method by which it was reached was wrong, and, as we have pointed out, would lead to wrong results in many cases of partial but permanent loss of the usefulness of two or more members. What the trial judge found in *result* was fifty-two and one-half per cent. of four hundred weeks. If he had found that the combination of fifty per cent. of the loss of both hands and ten per cent. of the eye equaled, for example, fifty-three per cent. of total and permanent disability, it may be that such would be regarded as a reasonable finding; but with respect to that, of course, no opinion is now expressed.

The judgment of the Supreme Court will be reversed, to the end that the proceeding be remanded to the Common Pleas Court for a judgment based upon a finding made in accordance with the foregoing principles.

No costs will be allowed in this court.

*For affirmance*—None.

*For reversal*—The Chancellor, Garrison, Trenchard, Parker, Bergen, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 11.