## IN RE MARANOVITCH.

[No. 10,056.   Filed November 1, 1917.]

1.   STATUTES.—*Construction.*—A statute is to be construed as a whole and that construction adopted which will carry out the intent of the legislature.  p. 491.

2.   MASTER AND SERVANT.—*Workmen's Compensation Act.—Construction.—Loss of Fingers.—Award.*—Section 31 of the Workmen's Compensation Act, Acts 1915 p. 392, prescribing a schedule of compensation for the loss of a finger, thumb and other specific injuries, and providing that in all other cases of permanent partial disability compensation shall be paid in the amount determined by the Industrial Board, not to exceed fifty-five per cent. of the average weekly wages for 200 weeks, was intended to apply to all cases of permanent partial disability and is mandatory as to the injuries specified, but where an employe in one accident loses two or more fingers the amount of compensation will not be determined by multiplying the allowance for one finger by the number lost, since otherwise compensation for the loss of a thumb and four fingers could exceed that for a whole hand, a result not intended by the legislature, but in such a case the award will be fixed by the board under the general clause for a period not to exceed 200 weeks, except that an allowance for a less injury cannot, unless the circumstances are extraordinary, be made for more than provided in the specific schedule for a greater injury.  p. 491.

From the Industrial Board of Indiana.

Certified questions of law.

Proceedings under the Workmen's Compensation Act in the matter of one Maranovitch.   Certified question of law by the Industrial Board.   *Questions answered.*

IBACH, P. J.—We are asked by the Industrial Board of Indiana to determine the number of weeks for which an injured employe is entitled to compensation upon the following facts:   On October 31, 1916, Joe Maranovitch was in the employ of the American Sheet and Tin Plate Company at an average weekly wage of $21.42.   On said date, with the personal knowledge of the employer,

he received a personal injury by accident arising out of and in the course of his employment, resulting in the loss by separation of the thumb and all the four fingers of the right hand at the metacarpal articulation.

The foregoing facts show that the injuries received by Maranovitch resulted in what is termed in the Workmen's Compensation Act as a "permanent partial disability." We are therefore required by the question presented to construe §31 of that act. It reads: "For injuries in the following schedule the employe shall receive in lieu of all other compensation a weekly compensation equal to fifty-five per cent. of his average weekly wages for the periods stated against such injuries respectively, to-wit: (a) For the loss by separation of not more than one phalange of a thumb or not more than two phalanges of a finger . . . 15 weeks; (b) for the loss by separation of more than two phalanges of a finger or of a whole finger or toe . . . 30 weeks; (c) For the loss by separation of more than one phalange of a thumb or of a whole thumb . . . 60 weeks; (d) for the permanent and irrecoverable loss of the sight of one eye or its reduction to one-tenth of normal vision with glasses . . . 100 weeks; (e) for the loss by separation of one foot at or above the ankle joint . . . 125 weeks; (f) for the loss by separation of one hand at or above the wrist joint . . . 150 weeks; (g) for the loss by separation of one leg at or above the knee joint . . . 175 weeks; (h) for the loss by separation of one arm at or above the elbow joint . . . 200 weeks; (i) for the permanent and complete loss of hearing . . . 75 weeks. In all other cases of permanent partial disability, including any disfigurement which may impair the future usefulness or opportunities of the injured employe, compensation in lieu of all other compensation shall be paid when and in the amount determined by

the Industrial Board, not to exceed fifty-five per cent. of average weekly wages per week for a period of two hundred weeks."

A statute is to be construed as a whole and that construction adopted which will carry out the intent of the legislature and avoid absurdities. Applying these principles of construction to the statute before us it is manifest that in enacting §31, *supra*, the legislature intended to provide for all cases of permanent partial disability, and in fixing the schedule therein to provide a definite amount for certain specific injuries, the amount being graduated according to the magnitude of the injury. To the extent of such specific provisions the law is mandatory, and being mandatory cannot be enlarged beyond their express terms. The language of the last paragraph of said section is broad and comprehensive, "all other cases of permanent partial disability," and leaves no room for construction between the injuries specifically provided for in the schedule and those which fall under the general provision.

We must conclude, therefore, that the legislature never intended that for the loss of two or more fingers on one hand in the same accident that the amount of compensation could be arrived at by multiplying the schedule allowance for one finger by the number of fingers lost. If this method of calculation were intended by the legislature, it would lead to an absurd result, e. g., for the loss of the entire hand at or above the wrist the schedule allows a compensation for a period of 150 weeks, while by multiplying the specific allowance for each finger and adding the allowance for a thumb we would obtain a total period of 180 weeks during which compensation might be paid.

An injury such as we have here must, we think, fall under the general provision above referred to. Such

provision when standing alone would seem to give the board discretion in all such cases not to exceed 200 weeks, but, when this section is read as a whole and taken in connection with the general plan and purpose of the act, it is clear, we think, that the legislature never intended, generally speaking, by such general provision that the court could in its discretion allow for a less injury more than was provided in the specific schedule for a greater injury. If, however, such unusual and extraordinary facts should arise, of which we are unable to conceive of any instance at this time, in which in the judgment of the board an injury by severance of a part and less than the whole member would entitle the injured employe to compensation for a greater period than that specifically provided for in the schedule for the loss of the whole, the board would be authorized to resort to the general provision and grant such allowance for such a period as in its judgment would be proper not to exceed 200 weeks.

NOTE.—Reported in 117 N. E. 530. See under (1) 12 Am. St. 827, 36 Cyc 1106, 1111, 1128. Workmen's compensation: amount recoverable by workman partially or totally incapacitated, L. R. A. 1916A 136.