IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1917, IN
THE ONE HUNDRED FIRST AND ONE HUN-
DRED SECOND YEARS OF THE STATE.

---

### IN RE CANNON.

[No. 10,057.   Filed November 20, 1917.]

1.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury to Servant.—Loss of Part of Foot.—Compensation.*—Where an injury to a servant results in the separation of less than the entire foot at the ankle joint and involves the loss of all the toes of the foot, the period of compensation must be determined under that part of §31 of the Workmen's Compensation Act, Acts 1915 p. 392, providing that in cases of permanent partial disability for which compensation is not fixed, including any disfigurement which may impair the future usefulness or opportunities of the injured employe, compensation in lieu of all other compensation shall be paid when and in the amount determined by the Industrial Board, not to exceed fifty-five per cent. of the average weekly wages per week for a period of 200 weeks, but compensation should not be awarded for a longer period than that provided in § 31, cl. e, fixing the period of compensation for the loss of one foot at or above the ankle joint at 125 weeks, unless the facts warrant the Industrial Board in finding that such injury and consequent disability were greater than that occasioned by the loss of a foot at or above the ankle joint.   pp. 3, 4.

2.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Construction.*—In construing that part of §31 of the Workmen's Compensation Act, Acts 1915 p. 392, governing compensation for permanent partial disability resulting from injuries other than those mentioned in the specific schedule contained in such section, it should be considered in connection with the other parts of the section, and given a construction consistent therewith, if reasonably possible.   p. 4.

From the Industrial Board of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act in the matter of one Charles Cannon. Certified question of law by the Industrial Board. *Question answered.*

BATMAN, J.—Under the provisions of §61 of the Workmen's Compensation Act of 1915 (Acts 1915 p. 392), as amended by the act of 1917 (Acts 1917 p. 154), the Industrial Board has certified to this court a certain question of law, based upon the facts presented by a proceeding pending before that body, seeking the opinion of this court for guidance in determining such proceedings.

The statement of facts as submitted by the board is as follows: "On the 16th day of October, 1916, one Charles Cannon was in the employment of the Advance Rumely Company at an average weekly wage of $14.57; that on said date the said employe received a personal injury by an accident arising out of and in the course of his employment, resulting in the complete amputation of his left foot through the instep or tarsal bones; that the employer had actual personal knowledge of the accident and injury of the said Charles Cannon at the time that it occurred."

Upon the foregoing facts the Industrial Board submits the following question: "Is the employe entitled to one hundred and fifty (150) weeks' compensation at the rate of $8.01 per week under the provision of clause (b) of section 31 of the Indiana Workmen's Compensation Act?"

In determining this question, we shall assume from the statement of facts that the injured employe suffered the loss by separation of his entire left foot at

the ankle joint. With such assumption it is clear that he is entitled to an award of compensation at the rate of $8.01 for a period of 125 weeks, as provided in clause (e) of §31 of the Indiana Workmen's Compensation Act, *supra,* which reads as follows: "(e) for the loss by separation of one foot at or above the ankle joint * * * 125 weeks." This is true because of the express language of the statute as quoted.

If, however, the facts are or were such as to constitute a loss by separation of a part of a foot, less than the entire foot at the ankle joint, involving the loss by separation of all the toes of such foot, the period of compensation would not be determined by an application of clause (b) of §31 of the Indiana Workmen's Compensation Act, *supra,* which reads as follows: "(b) for the loss by separation of more than two phalanges of a finger or of a whole finger or toe * * * 30 weeks." This is true for the reason that such clause, in so far as it relates to the fixing of compensation for the loss by separation of a whole finger or toe, is expressly limited to the loss of a single one of such members, and a fair interpretation of the language used does not permit that its application be enlarged to include a loss by separation of more than one of such members. In *re Denton* (1917), 65 Ind. App. 426, 117 N. E. 520; *In re Maranovitch* (1917), 65 Ind. App. 489, 117 N. E. 530; *Kenwood Bridge Co.* v. *Stanley* (1917), *post* 563, 117 N. E. 657; *Northwestern Fuel Co.* v. *Industrial Commission* (1915), 161 Wis. 450, 152 N. W. 856. In the event of such injury as stated, the period of compensation would be determined by the board under that part of said §31 which reads as follows: "In all other cases of permanent partial

disability, including any disfigurement which may impair the future usefulness or opportunities of the injured employe, compensation in lieu of all other compensation shall be paid when and in the amount determined by the Industrial Board, not to exceed fifty-five per cent. of average weekly wages per week for a period of two hundred weeks." This is in accord with the authorities above cited.

However, in construing such part of said section, it should be read in the light of the other portions thereof, and given such construction as will be consistent therewith, if reasonably possible. When this is done it is apparent that compensation for the injury last above described should not be awarded for a longer period than that provided in clause (e) of said §31 *supra,* fixing the period of compensation for the loss by separation of one foot at or above the ankle joint at 125 weeks, unless the facts would warrant the Industrial Board in finding that such injury and consequent disability were greater than that occasioned by the loss by separation of a foot at or above the ankle joint. This must necessarily be true, as it is not to be presumed that the legislature intended that a longer period of compensation should be fixed for the loss by separation of a part of a foot than should be fixed for the loss by separation of the whole foot at or above the ankle joint, unless the unusual condition stated should be found to exist. *In re Maranovitch, supra.*

We therefore conclude that the question submitted must be, and is hereby, answered in the negative.

NOTE.—Reported in 117 N. E. 658.