### KENWOOD BRIDGE COMPANY *v.* STANLEY.

[No. 9,871.   Filed November 20, 1917.   Rehearing denied February 1, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal. —Review.—Evidence.—Sufficiency.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392), it is the duty of the Industrial Board to determine the extent of the injury complained of, and its finding will not be disturbed on appeal if there is any evidence upon which it can stand.  p. 566.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Extent of Injuries.—Evidence.—Sufficiency.*—In a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392), undisputed testimony by the injured servant that, as the result of injuries to his right hand, the leader of the third finger was cut, both joints were completely ankylosed and stiff, that the knuckle joint was stiff, and that he lost the use of the little finger, which was crushed and amputated near the distal joint, is sufficient to support a finding that the injury resulted in the loss by separation of the distal phalanx of the little finger of the right hand and in the permanent total impairment of the ring finger of the right hand.  p. 566.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal from Award.—Review.—Questions of Law.*—On an appeal from an award of compensation under the Workmen's Compensation Act (Acts 1915 p. 392), the Appellate Court can review only questions of law.  p. 567.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Measure of Compensation.*—As the Workmen's Compensation Act (Acts 1915 p. 392) makes no specific provision as to the period during which compensation shall be allowed for injury either to the little finger or to the ring finger considered alone, nor for injury of both fingers in the same accident, it is the duty of the Industrial Board to fix the compensation, in its discretion, under the general provisions of §31.  p. 567.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by William. F. Stanley against the Kenwood Bridge Company. From an award for applicant, the defendant appeals.

*William J. Henley* and *Jackiel W. Joseph,* for appellant.

*Walter A. Murray,* for appellee.

DAUSMAN, J.—On July 14, 1916, appellee was working for appellant at Indiana Harbor. On that day he sustained personal injuries by accident arising out of and in the course of his employment. He filed a petition for an award, and a hearing thereon resulted in a finding of facts and an award of compensation, as follows:

"And said member having heard the evidence and being duly advised in the premises, finds that on the 14th day of July, 1916, plaintiff was in the employment of the defendant at an average weekly wage of $18.00; that on said date he received a personal injury by an accident arising out of and in the course of his employment, resulting in the loss by separation of the distal phalanx of the little finger of the right hand, and in the permanent total impairment of the ring finger of the right hand, that is, that by said injury the ring finger of the right hand was rendered totally and permanently useless. It is therefore considered and ordered that plaintiff be and is hereby awarded, against the defendant, forty-five weeks' compensation at the rate of $9.90 per week, beginning on the 14th day of July, 1916."

The questions presented for our consideration are: (1) Does the evidence sustain the finding? (2) Does the finding sustain the award?

1. The parties, at the hearing, made the following

stipulation: That William F. Stanley resides at Chicago, Illinois; that on July 14, 1916, while in the service of the Kenwood Bridge Company, he received personal injuries, and that said injuries arose out of and in the course of his employment, and were the result of an accident; and that his average weekly wage was $18.

There was nothing left then for the board to determine except the extent of the injury. Before proceeding to the introduction of evidence counsel for appellant said: "I think we ought to see if we can get together before we start, and look at this man's hand." Thereupon counsel for appellee said: "All right. It might save a lot of time. Come up here, Mr. Stanley." Appellee then came forward and the board and the counsel examined his hand. After this physical examination, appellee was sworn as a witness, and testified with reference to his injuries, in substance, as follows: "The injury I received to my hand is just as you see it here. The third finger is stiff in one way. The leader is cut and the whole finger is stiff. It is particularly stiff in the knuckle joint also. I cannot bring the finger forward so as to touch the palm of the hand. I can bring it only about half way to the palm of the hand. I cannot bend it so that it will form a right angle with the palm of the hand."

Member of the board: "Yes, it comes straight across."

Attorney for appellant: "It comes a little bit more than that."

"I cannot use the third finger of my right hand at all—not to pick up anything or anything like that. I can't bend it in this joint here. Both joints of the finger are completely ankylosed and stiff, and the joint where the finger is attached to the palm of the hand is

perfectly stiff. I received a crushing injury to my little finger. The little finger is stiff in the first joint. The tip end of the little finger was crushed and the doctor cut off the bone and sewed it up. He cut it off near the distal joint. I have lost the use of the little finger. I cannot pick up anything with it. (The witness was directed to pick up a pen from the table and he made the effort.) I cannot pick it up. I cannot pick up the penholder with my thumb and little finger, because the finger is stiff. The second joint of the little finger is partially stiff. I cannot bend the little finger so as to make it touch the palm of the hand.''

Attorney for appellant: ''Try it.''

''I am trying it as hard as I can try. (Witness exhibits his efforts to the board.) I made nine or eleven trips to see the doctor. I was totally disabled for two months. The first work I did after the injuries was in September; then I shoveled coal a little bit; but my fingers would get sore and I would have to quit. I shoveled that coal for the Consumers Ice Company. I tried to get a lighter job, and I worked a while for the Clark Manufacturing Company. They make fire extinguishers and dental tools. When I worked there I was filing light castings. That was about a month and a half ago. I shoveled that coal because I needed a little money.''

No attempt was made to contradict or vary this testimony.

It was the duty of the board to determine the extent of the injury, and the finding will not be disturbed on appeal if there is any evidence on which it can stand. We are of the opinion that the evidence tends to support the finding that the injury resulted ''in the loss by separation of the distal phalanx of the little finger of the

right hand and in the permanent total impairment of the ring finger of the right hand, that is, that by said injury the ring finger of the right hand was rendered totally and permantly useless." Indeed, it may well be that appellee would be better off without the ring finger than with it. His ability to earn a livelihood by manual labor might be enhanced by the amputation of that finger at the knuckle joint. This question is purely a matter of fact, and as such the board has dealt with it. We can deal only with matters of law.

The Workmen's Compensation Act (Acts 1915 p. 392) makes no specific provision as to the period during which compensation shall be allowed for the injury to either finger considered alone, nor for the injury to both fingers considered in combination. Therefore it became the duty of the board to fix the compensation, in its discretion, under the general provision of §31. The board has not exceeded its authority, and the finding sustains the award.

Award affirmed.

Note.—Reported in 117 N. E. 657. Workmen's compensation: review and appeal under act, Ann. Cas. 1916B 475, 1918B 647, L. R. A. 1916A 163, 266, L. R. A. 1917D 186.