## IN RE HART.

[No. 11,364. Filed January 26, 1922.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Loss of Fingers.—Measure of Compensation.*—Where a servant sustained an injury necessitating the amputation of four fingers just beyond the knuckles, nearest the palm, and as a result lost ninety per cent. of the use of the arm below the elbow joint, such an injury justifies an award of 180 weeks' compensation under §31, cl. h, of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended by Acts 1919 p. 158, notwithstanding a clause of the same section, specifying the period of compensation for injuries resulting in the loss of fingers.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act in the matter of one Ralph Hart. Certified questions of law by the Industrial Board. *Questions answered.*

NICHOLS, J.—On April 18, 1921, one Ralph Hart was in the employment of the defendant, Baldwin Tool Works, at Princeton, Indiana; that on said date he received a personal injury by an accident arising out of and in the course of his employment, of which the employer had actual knowledge at the time; that as a result of said injury it became necessary to amputate the four fingers of his right hand at a point just beyond the knuckles, nearest the palm; that his average weekly wages at the time of the injury were $18; that said injury resulted in the permanent loss of 90 per cent. of the natural use and function of the plaintiff's right hand, that is, of the right arm below the elbow joint. The said Ralph Hart has filed a claim before the Industrial

Board of Indiana for compensation. The above facts are not disputed. The claimant and the employer disagree as to the provision of law applicable to said state of facts. The claimant contends that he is entitled to 180 weeks, under clause (c) of amended §31 of the Indiana Workmen's Compensation Act (Acts 1919 p. 158). On the other hand, the employer contends that the compensation period should be 125 weeks under clause (a) of said section (Acts 1919 p. 158). The Industrial Board is of the opinion that the injury and impairment resulting therefrom, justifies an award for 180 weeks compensation, if said award will be according to law. Upon the foregoing facts the Industrial Board respectfully submits for our determination the following question of law: Would an award of 180 weeks compensation be according to law? We answer this question in the affirmative under the provisions of clause (h) of §31 of the Workmen's Compensation Act, Acts 1919 p. 158. See *In re Cannon* (1917), 66 Ind. App. 1, 117 N. E. 658.