LAURITZEN *v.* UNITED STATES REDUCTION COMPANY.

[No. 11,310. Filed May 17, 1922.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Permanent Partial Loss of Use of Both Feet.—Measure of Compensation.*—Where injuries to a workman result in the permanent loss of fifteen per cent. of the use of one foot and twenty-five per cent. of the use of the other, he is entitled to be awarded compensation under §31, cl. h, of the Workmen's Compensation Act (Acts 1919 p. 158, §8020o1 Burns' Supp. 1921), providing that in all cases of permanent partial impairment other than those specified in the schedule set forth in such section of the act compensation proportionate to the degree of such permanent partial impairment, in the discretion of the Industrial Board, not exceeding 500 weeks, shall be paid.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by William H. Lauritzen against the United States Reduction Company. From an award for plaintiff, claimed by him not to be for the full time during which he was entitled to compensation, he appeals. *Reversed.*

Lauritzen *v*. United States Reduction Co.—78 Ind. App. 293.

*Othniel Hitch*, for appellant.

*Frank M. Cox, Thomas P. Harvey* and *Albert N. Powell*, for appellee.

PER CURIAM.—This is an appeal from an award against appellee, wherein it is provided that appellant should receive compensation at the rate of $13.20 per week for a period of sixty weeks, to be paid in a lump sum. This award is based on the following finding of facts:

"And the full Board   *   *   *   finds that on the 6th day of March, 1920, plaintiff (appellant) was in the employment of the defendant (appellee) at an average weekly wage of $24.00; that on said date he received a personal injury by an accident arising out of and in the course of his employment, of which the defendant had actual knowledge at the time; that as a result of said injury the plaintiff has permanently lost 15 per cent. of the use of his left foot and 25 per cent. of the use of his right foot."

Appellant does not question the amount of the weekly compensation awarded, but contends that the award is contrary to law in this, that the period for which compensation was allowed is too short, under the provisions of §31 of the Workmen's Compensation Act. (Acts 1919 p. 158, §8020o1 Burns' Supp. 1921.) The introductory clause of said section reads as follows: "For injuries in the following schedule the employee shall receive, in lieu of all other compensation on account of said injuries, a weekly compensation of fifty-five per cent. of his average weekly wages for the periods stated, for said injuries, respectively." Those parts of the schedule mentioned in said clause, which are applicable where injuries to a foot or the feet of an employe are involved are as follows:   (a) "For the loss by separation, of   *   *   *   the foot below the knee joint one

hundred and fifty weeks * * *" (b) "The total, permanent loss of the use of * * * (a) foot * * * shall be considered as the equivalent of the loss, by separation, of the * * * foot * * *, and the compensation shall be paid for the same period as for the loss thereof by separation." (c) "For the permanent partial loss of the use of * * * (a) foot, * * * compensation shall be paid for the proportionate loss of the use of such * * * foot * * *" (d) "For injuries resulting in total permanent disability five hundred weeks." (e) "For the loss of * * * both feet * * * in the same accident five hundred weeks." (h) "In all other cases of permanent partial impairment compensation proportionate to the degree of such permanent partial impairment, in the discretion of the industrial board, not exceeding five hundred weeks." Appellee contends that said sub-divisions (a) and (c) should control, in determining the period for the payment of compensation, while appellant contends that said sub-division (e) should control in such determination. We are clearly of the opinion that appellee's contention cannot be sustained, since the injuries in the instant case involve both of appellant's feet, while the sub-divisions on which it relies apply only in cases where injuries to one of such members are involved. *In re Cannon* (1917), 66 Ind. App. 1, 117 N. E. 658; *Kenwood Bridge Co.* v. *Stanley* (1917), 66 Ind. App. 563, 117 N. E. 657; *Orlando* v. *F. Ferguson & Son* (1917), 90 N. J. Law 553, 102 Atl. 155. In the case last cited a permanent partial impairment of both hands and one eye was involved, and the court held that the amount of compensation should be reached, not by adding together the fractional parts, but upon the basis of the percentage of total permanent disability, reasonably found to be produced by the several injuries considered collectively. That compensa-

tion should not be awarded by adding the items of permanent partial disabilities, taken separately, may be aptly illustrated by assuming a case, in which an employe sustains a sixty per cent. loss of the use of each arm and each leg. By that method of computation the employe would be entitled to sixty per cent. of 250 weeks for each arm, being a total of 300 weeks for both, and would also be entitled to sixty per cent. of 200 weeks for each leg, being a total of 240 weeks for both, making a total of 540 weeks for all, or forty weeks more than the number of weeks allowed by the statute for total permanent disability. We are also clearly of the opinion that appellant's contention cannot be sustained, since the injuries in the instant case do not involve the loss of both feet, as provided in said sub-division (e), but only the permanent partial impairment thereof, and no provision is made for the payment of compensation in the latter case for the portion of the period provided in the former, depending on the degree of impairment. In our opinion the facts disclosed require that appellant be awarded compensation under the provisions of said sub-division (h), in which it is provided that "compensation proportionate to the degree of such permanent partial impairment, in the discretion of the Industrial Board, not exceeding five hundred weeks" shall be paid.

Appellee contends, however, that the award should be sustained, even if we hold that said sub-division (h) applies. But we are not of that opinion, as the record discloses facts from which it may be assumed that the Industrial Board based its award on said sub-divisions (a) and (c) and not on (h), in which event the award does not express the judgment of the board, when considered in connection with the rights of appellant, as provided in the sub-division applicable thereto. The award is reversed for further proceedings consistent with this opinion.