PAN HANDLE COAL COMPANY v. DECOURSEY.

[No. 11,421. Filed October 12, 1922.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Finding of Industrial Board.—Conclusiveness.—Evidence.—Weight and Sufficiency.*— In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1921), the weight of the evidence is for the Industrial Board, and, where there is some evidence to sustain the board's finding, it will not be disturbed on appeal for insufficiency of evidence.,

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Dave Decoursey against the Pan Handle Coal Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Turner, Adams, Merrell & Locke* and *Paul E. Beam,* for appellant.

*John A. Riddle,* for appellee.

NICHOLS, P. J.—This is an appeal from the award of the full Industrial Board entered on February 28, 1922,

in a proceeding brought by appellee under the provisions of the Workmen's Compensation Act, (Acts 1915 p. 392, §8020l *et seq*. Burns' Supp. 1921) in which appellee made claim for compensation on account of an injury to his eyes which was received June 16, 1920. The Industrial Board, by a majority of its members, made a finding that appellee had permanently lost one-half of the vision of his right eye and one-third of the vision of his left eye, and entered an award for compensation to appellee for 125 weeks at the rate of $13.20 per week. The Industrial Board's finding was based upon evidence heard by it, the sufficiency of which to sustain the finding and award, is challenged by appellant. There was some evidence to sustain the Industrial Board's finding, and its weight including the interpretation of certain expert evidence, was for the Industrial Board and the finding will not be disturbed by this court.

Appellant contends that the evidence shows a six per cent. loss of vision of one eye and five per cent. of the other, and that a correct result would have been reached by adding six per cent. of 150 weeks or nine weeks to five per cent. of 150 weeks, or seven and a half weeks, making a total of sixteen and a half weeks as the compensation period. As neither party challenges this *method* of determining the compensation to be allowed, which seems to have been followed by the Industrial Board, based on a different per cent., however, we do not consider it in this opinion, but see, *Lauritzen* v. *United States, etc., Co.* (1922), *ante* 293, 135 N. E. 390.

The award is affirmed.