## FREYN BROTHERS *v.* JAMESON.

[No. 12,746. Filed December 7, 1926.]

MASTER AND SERVANT.—*Injury to finger resulting in permanent loss of its use held compensable under clause (b) of §31 of Workmen's Compensation Act.*—An injury to one finger resulting in the permanent loss of the use of the finger is compensable under clause (b) of §31 of the Workmen's Compensation Act, §9476 Burns 1926, and not under clause (h) of said section, although physicians testified that the injury to the finger resulted in fifty per cent. impairment of the hand, *In re Maranovitch,* 65 Ind. App. 489, and *In re Hart,* 77 Ind. App. 431, distinguished.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Lee Jameson against Freyn Brothers, employer. From an award of compensation, the employer appeals. *Reversed.* By the court in banc.

*Joseph W. Hutchinson,* for appellant.
*James D. Ermston,* for appellee.

REMY, J.—As the result of an accident which arose out of and in the course of his employment by appellant, appellee suffered an injury to the second or middle finger of his right hand. Because of the injury, application for compensation was filed with the Industrial Board. At the hearing, appellee testified that no other finger or part of the hand had been injured, and that, as a result of the accident, "the only trouble is just the middle finger." The evidence, without conflict, showed that the bones of the finger had been bruised and fractured, causing the finger to be more or less stiff. Two physicians, as witnesses for appellee, testified as experts. Each stated in his testimony that, because of the injury there was a total permanent loss of the use of the second finger, and each stated, in response to questions propounded by appellee's attorney, that, "taking into

consideration the fact that Jameson is a laboring man who makes his living as a steam fitter and plumber, the injury to the middle finger has resulted in a fifty per cent. impairment of the hand." It also appears from the evidence, that the finger was not amputated, and that the average weekly wages of appellee was, at the time, in excess of $24.

The Industrial Board found that appellee had "suffered a fifty per cent. impairment of the function of his right hand," and awarded him compensation at the rate of $13.20 per week, for a period of one hundred weeks.

Appellant concedes that appellee is entitled to compensation, but contends that the injury, as shown by the evidence, is a permanent total impairment of the second finger; that the amount of the award is governed by clauses (a) and (b) of §31 of the Compensation Act (Acts 1919 p. 158, §9476 Burns 1926), and is limited to thirty-five weeks. On the other hand, it is appellee's contention that the injury is a permanent partial impairment of the hand; is governed, as the Industrial Board, in effect, held, by clause (h) of §31 of the act, and that the amount of the award must be in proportion to the degree of the impairment, in the discretion of the Industrial Board, not exceeding five hundred weeks. The contention of appellant must prevail.

The introductory clause of §31 is as follows: "For injuries in the following schedule the employee shall receive in lieu of all other compensation on account of said injuries, a weekly compensation of fifty-five per cent. of his average weekly wages for the periods stated, for said injuries respectively, to wit."

Then follows the schedule of twelve clauses, designated respectively by letters of the alphabet from (a) to (l) inclusive. Clauses from (a) to (g) inclusive, fix definitely the compensation to be awarded for certain specified physical injuries; the compensation for

the loss of the second finger by amputation being fixed by clause (a) at thirty-five weeks, and the compensation for the permanent loss of the use of a finger is definitely fixed by clause (b), it being there provided that such loss "shall be considered the equivalent of the loss by separation of the * * * finger, * * * and the compensation shall be for the same period as for the loss thereof by separation."

As appellee testified, the only part of the hand that had been injured was "just the middle finger." Although there had been no amputation, the loss of the use of the finger, as shown by the evidence, is total and permanent. If there had been an amputation, the amount of the award would be governed by clause (a) of the section, and would be for thirty-five weeks. There having been no amputation, the award for the total loss of the use of the finger is governed by clause (b), which is to be read in connection with clause (a).

The cases, *In re Maranovitch* (1917), 65 Ind. App. 489, 117 N. E. 540, and *In re Hart* (1922), 77 Ind. App. 431, 133 N. E. 837, cited by appellee, are readily distinguished from the case at bar. In each of those cases, the claim was based upon the loss by amputation, of more than one of the claimant's fingers; and there being no provision of the act fixing specifically the amount of the award in such a case, this court rightly held that the compensation to be awarded would be governed by clause (h).

Reversed.